FILED

December 6 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0621

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 303N

IN THE MATTER OF THE TESTAMENTARY
TRUST UNDER THE WILL OF VICTOR D.
FINCO FOR THE BENEFIT OF ARLENE FINCO.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DP 82-18
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Arlene R. Finco, self-represented; Helena, Montana

For Appellee:

James W. Thompson; Thompson Law Firm, PLLC; Billings,
Montana

Submitted on Briefs:  November 16, 2011

Decided:  December 6, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Arlene and Dennis Finco are the two children of Victor D. Finco, who died in 1982. Under Victor's will, his estate was distributed in part to a trust for the benefit of his then-wife Mary and the remainder was distributed equally between Arlene and Dennis, with Arlene's share also put into a trust. At issue in this case is the trust created for Mary (the "Mary E. Finco Trust"). Victor's will provided that Mary would receive the income from that trust, and the principal was to be shared on Mary's death between Arlene and Dennis, with Arlene's share again retained in trust for her benefit. Under the terms of Victor's will, Dennis served as trustee for Arlene's trust, which has since been depleted. Since 2003, he has served as trustee for the Mary E. Finco Trust. For both trusts, Dennis has submitted annual accountings to the court as required by law.

¶3     When Mary died in 2010, Dennis petitioned to settle all the trust accounts and approve final distribution. The District Court granted Arlene a continuance of the hearing in October 2010 so she could attempt to find counsel, but denied a similar

2

request in November when, after a month, she had not shown good cause for an additional continuance.

¶4 At the time of the hearing, and after other required distributions and deduction of court-approved fees, the principal remaining in the Mary E. Finco trust was $79,854.07. The court ordered that one-half be distributed to Dennis outright and one-half to Dennis as trustee of the trust for Arlene. The court then entered an order authorizing Dennis to purchase a Lifetime Income Annuity for Arlene's benefit with her half of the trust balance. Under the annuity, Arlene will be paid (by electronic funds transfer) about $202 per month.

¶5 Arlene appeals, claiming that Dennis and his attorney have defrauded her out of her rightful share of Victor's estate, have obstructed her bank account and caused it to be terminated, and that the District Court committed error by granting Dennis's petitions without allowing her an additional continuance of the hearing. Although Arlene believes her father may have been murdered and his will procured by fraud, the proper time for challenging Victor's will has long expired. Section 72-3-122(1)(c), MCA; Mont. R. App. P. 6(4). The issue before the Court on this appeal is whether, upon Mary's death, it was appropriate for the District Court to approve a final settlement of accounts, termination of the trust and purchase of a lifetime income annuity for Arlene.

¶6 The Montana Trust Code expressly authorizes proceedings concerning the affairs of a trust, including a proceeding to settle the accounts and pass upon the acts

3

of the trustee and to approve the termination of the trust. Sections 72-35-301(2)(e), (m), MCA. Dennis filed a petition in proper form seeking the settlement of accounts and termination of the trust. Section 72-35-302, MCA. He also petitioned for the Purchase of a Lifetime Income Annuity, demonstrating that such an annuity would fulfill the wishes of Victor D. Finco to provide a lifetime benefit to his daughter, Arlene. Notice of the petitions, and the hearing thereon, was given to Arlene.

¶7 Notwithstanding Arlene's concern regarding the amount of funds distributed to her from Victor's estate and the method in which she is to receive the funds, a careful review of the record discloses no impropriety in the administration of funds under the terms of Victor's will. There is no evidence to suggest additional funds are unaccounted for or that there has been any fraud in the administration of the trusts. To the contrary, Dennis has faithfully submitted detailed accountings for more than twenty years and his purchase of a lifetime income annuity will ensure Arlene's continued receipt of funds from her father's estate.

¶8 "We will not overturn a court's decision to deny a motion for a continuance absent a showing of both an abuse of discretion and prejudice to the complaining party." *McCormack v. Andres*, 2008 MT 182, ¶ 23, 343 Mont. 424, 185 P.3d 973. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Our review of the record in this matter convinces us the District Court did not abuse its

4

discretion and Arlene was not prejudiced either by the denial of another continuance or by the court's approval of Dennis's petitions.

¶9    Affirmed.


/S/ BETH BAKER


We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE